UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAZARO MOLINA, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14-CV-01524-SPM |
| | ) |
| PHELPS COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Lazaro Molina, Jr. (registration no. 61276), an inmate at Phelps County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court will not assess a filing fee at this time. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will require plaintiff to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $0, and an average monthly balance of $0. Accordingly, the Court will not assess a filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32–33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, appearing to allege deliberate indifference to a serious medical condition, violation of his right to access courts, and retaliation.

Named as defendants are Phelps County Jail, Rick Lisenbe (Sheriff, Phelps County), and Unknown Dowdy (Corporal, Phelps County).

Plaintiff alleges that on July 22, 2014, at approximately 1:00 a.m. he injured his knee in the recreation room of Phelps County Jail. According to plaintiff, he was left without a wheelchair or crutches until approximately 9:00 a.m. Plaintiff asserts that he was taken to Phelps County Regional Medical center several hours later, where it was determined that he had fractured his leg behind his knee cap. Plaintiff avers that he was told to keep his leg elevated, to keep weight off of it, and to take naproxen for the pain. According to plaintiff, his release orders instructed him to follow up with an orthopedic doctor in three to five days. Plaintiff asserts that he did not see an orthopedic doctor for eight days, and that when he did, the doctor told him to keep weight off of his leg.

Plaintiff claims that he has had to walk on his leg since he was injured, despite requesting crutches or a wheelchair through administrative procedures. He further asserts that the only medication he has received is ibuprofen twice a day.

## Discussion

Plaintiff has failed to state claims against Phelps County Jail, or defendants Lisenbe and Dowdy, in their official capacities. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state claims upon which relief can be granted against Phelps County Jail, or defendants Lisenbe and Dowdy, in their official capacities.

With regard to defendants Lisenbe and Dowdy, in their individual capacities, "[l]iability under ' 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under ' 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under ' 1983). In the instant action, plaintiff has not set forth any facts indicating that defendants Lisenbe and Dowdy were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state claims upon which relief can be granted against defendants Lisenbe and Dowdy, in their individual capacities.

Further, plaintiff appears to allege that several individuals, whom are not named as defendants, are interfering with his access to court and retaliating against him. Because plaintiff has not named these individuals as defendants, he has failed to state claims against them.

Because plaintiff is proceeding pro se, and because some of his claims appear to have merit, the Court will allow plaintiff to file an amended complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain Aa short and plain statement of the claim showing that [plaintiff] is entitled to relief . . .@ Rule 10(a) requires the title of the complaint, or caption, to "name all the parties," and Rule 10(b) requires a plaintiff to Astate [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances.@

Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint. E.g., In re

<u>Wireless Telephone Federal Cost Recovery Fees Litigation</u>, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that a filing fee will not be assessed at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, the Court may dismiss this action without further proceedings.

Dated this <u>27th</u> day of October, 2014.

_____
SHIRLEY A. PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE