UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAZARO MOLINA, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14-CV-01524-SPM |
| | ) |
| PHELPS COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's complaint. The Court previously granted plaintiff's motion to proceed in forma pauperis, found that his complaint failed to state a claim, and, in light of plaintiff's pro se status, gave him an opportunity to amend. Because plaintiff has failed to file an amended complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32–33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983, appearing to allege deliberate indifference to a serious medical condition, violation of his right to access courts, and retaliation. Named as defendants are Phelps County Jail, Rick Lisenbe (Sheriff, Phelps County), and Unknown Dowdy (Corporal, Phelps County).

Plaintiff alleges that on July 22, 2014, at approximately 1:00 a.m. he injured his knee in the recreation room of Phelps County Jail. According to plaintiff, he was left without a wheelchair or crutches until approximately 9:00 a.m. Plaintiff asserts that he was taken to Phelps County Regional Medical center several hours later, where it was determined that he had fractured his leg behind his knee cap. Plaintiff avers that he was told to keep his leg elevated, to keep weight off of it, and to take naproxen for the pain. According to plaintiff, his release orders instructed him to follow up with an orthopedic doctor in three to five days. Plaintiff asserts that he did not see an orthopedic doctor for eight days, and that when he did, the doctor told him to keep weight off of his leg.

Plaintiff claims that he has had to walk on his leg since he was injured, despite requesting crutches or a wheelchair through administrative procedures. He further asserts that the only medication he has received is ibuprofen twice a day.

**Discussion**

Plaintiff has failed to state claims against Phelps County Jail, or defendants Lisenbe and Dowdy, in their official capacities. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state claims upon which relief can be granted against Phelps County Jail, or defendants Lisenbe and Dowdy, in their official capacities.

With regard to defendants Lisenbe and Dowdy, in their individual capacities, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). In the instant action, plaintiff has not set forth any facts indicating that defendants Lisenbe and Dowdy were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state claims upon which relief can be granted against defendants Lisenbe and Dowdy, in their individual capacities.

Further, plaintiff appears to allege that several individuals, who are not named as defendants, are interfering with his access to court and retaliating against him. Because plaintiff has not named these individuals as defendants, he has failed to state claims against them.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of December, 2014.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE